## LEON FALGOUT, Executor, *v.* HEIRS OF PIERRE DASPIT.

In settling the extent of the community, receipts given by the deceased for his share of an inheritance at a time not suspicious, in the absence of any better proof, are admissible in evidence to show that the sums thus receipted for belong to his separate estate.

Where the deceased husband had received, during the marriage, an inheritance, it becomes a charge upon the community, and it is not necessary to show that the community was benefitted by the inheritance.

In the settlement of a succession, the charges in favor of the wife upon the community must first be taken out of it, before the charges on the community in favor of the husband can be paid.

APPEAL from the District Court of Lafourche, *Randall*, J. *Miles Taylor*, for appellants. *C. A. Johnson*, for appellee. The judgment of the court was pronounced by

ROST, J. The plaintiff, as executor of *Pierre Daspit St. Amand*, filed an account of distribution of the fund in his hands, dividing that fund equally between the heirs of the testator and those of his wife *Marie Leroux*, who had several children by a former husband, but none by *Daspit St. Amand*.

The heirs of *Daspit* made opposition, alleging that he was one of the heirs of *Louis Augustin Meuillon*, who died during the marriage of *Daspit* and his second wife, and that he received from *Meuillon's* estate $23,498 28, which was the proper estate of the said *Daspit*, and which the community must refund to his heirs before a partition can be made.

The only questions which the case presents, are as to the sufficiency of the receipt of this money by the deceased. The death of *Meuillon* and the value of the property left by him are proved. It is shown that *Daspit St. Amand* was one of his heirs, and that the share to which he was entitled, must have been about equal to the sum claimed after paying the expenses of administration.

It appears that the heirs of *Meuillon* were all of age, and that *Pierre St. Amand*, one of them, acted as the agent of the others in settling the estate. *Daspit* had given *Pierre* a power of attorney to represent him in that settlement. On the 24th April, 1815, *Daspit St. Amand* acknowledged the receipt of $19,498 28 from his agent, *Pierre St. Amand*, by notarial act. By another notarial act, bearing date the 29th July, 1816, he acknowledged to have received from his said agent the further sum of $2000. This receipt contains an agreement on the part of *Daspit St. Amand*, to give time for the payment of a balance, the amount of which is not stated.

The district judge gave judgment in favor of the opponents for those two sums. He also gave judgment in favor of the heirs of *Marie Leroux*, for a small amount, shown by them to be the proper estate of the said *Marie Leroux*. The tableau was ordered to be amended by deducting first these different sums from the fund to be distributed, and dividing the balance between the heirs of *St. Amand* and those of his wife. The latter have appealed.

It is objected by them that the heirs of *St. Amand* have not produced the best evidence, to wit, the record of a judicial settlement of the succession of *Meuillon*, and that they have not even attempted to show that no better evidence existed, which the appellants contend, should have been done, in order to let in the evidence adduced. They excepted to the admission in evidence of the receipts of *Daspit St. Amand* to *Pierre St. Amand*, on the grounds: 1. That they are *res inter alios acta*, and not binding upon the parties to this suit. 2. That *Pierre Daspit* cannot manufacture evidence in favor of himself or his children. 3. That the receipts are irrelevant and immaterial, and can have no force or effect in this suit.

We think the evidence was properly admitted. The heirs of *Meuillon* were all of age, and the succession appears to have been settled extra-judicially. The receipts objected to formed part of the *res gestæ*, and as such were legal evidence. After the death of a party, acknowledgments and declarations made by him at a remote period, and at a time not suspicious, are received as evidence even when unconnected with other transactions. The ground upon which this evidence is received is the extreme improbability of its falsehood. The regard which men usually pay to their own interest, is deemed a sufficient security, both that the declarations were not made under any mistake of fact or want of information in the party. The apprehension of fraud is still more improbable after the death of the party, and if it exists, it may be shown. It is true that

the ordinary and highest tests of the fidelity, accuracy, and completeness of judicial evidence are wanting, but the inconveniences resulting from its exclusion, are deemed greater than any which would probably be experienced from its admission. 1 Greenleaf on Evidence, 181.

We think that the evidence was admissible, and that the burthen of proof was not upon the defendants to show, that there had not been a judicial settlement of the succession.

It is argued that the opponents have not shown that this inheritance benefitted the community. This was not necessary. The receipt of the money during marriage, is sufficient to charge the community with it.

We are of opinion that the judgment of the district court has done justice between the parties. If in the final adjustment of the account, the fund should be insufficient to satisfy the claims set up by the heirs of both parties against the community, the amount allowed to the heirs of the wife will of course be first deducted, and the loss, if there be any, shall be borne by the heirs of the husband.

The judgment is affirmed, with costs.