Statement of the Case.
NICHOLLS, J.
The plaintiffs allege themselves to be the sole heirs of their father, Henry Bergey, issue of his marriage with Odalia Yinot; that both of their parents are dead; that they have all been recently relieved from the disabilities of minority, some by reaching the age of majority, others by marriage. They aver that their father, during their minority, contracted a second marriage with Therese Hoffman, who by her second marriage is now the wife of Bertrand Labat.
That at the time of his death Henry Bergey left an estate consisting mostly of a stock of groceries, worth $2,500, and the sum of $400 in cash, all of which passed into the possession and control of the said Mrs. Bertrand Labat, and ultimately into the hands of Bertrand Labat, with the exception of said sum of $400, which the said Mrs. Therese Labat illegally, and without right or authority, paid into the hands of one Paul L. Fourchy, who was never at any time authorized to receive any funds or property belonging to petitioners, and who is now, and was then, utterly insolvent and irresponsible.
The said Mrs. Bertrand Labat and said Bertrand Labat interfered in the affairs of petitioners, and should have caused an inventory of their property and effects to be made, and some one lawfully qualified to represent the estate of their father and these petitioners.
That accordingly said Therese Hoffman, widow by first marriage of Henry Bergey, and now wife of Bertrand Labat, and said' Bertrand Labat are indebted to petitioners in the sum of $2,900, with legal interest thereon from April 14,1894, until paid, and that these petitioners have a legal mortgage on all the property of the said defendants to secure said amount, pursuant to the provisions of article 3355, Civ. Code, and section 1101 of the Revised Statutes of this state.
In view of the premises they pray that the said Mrs. Therese I-Ioffman, widow by first marriage of Henry Bergey, and now wife of Bertrand Labat, and the said Bertrand La-bat, individually and to authorize his wife, be cited to answer this petition, and in due course of law that petitioners have judgment against said defendants in solido in the full sum of $2,900, with legal interest from April 14, 1894, until paid, with recognition of their legal mortgage against the property of said defendants, and for such further sum, if any, with like interest and like security, as may be found to be owing to petitioners by the said defendants upon a full and final accounting, for which they pray, and all costs, and for all orders necessary, and for general and equitable relief.
The defendants answered. After pleading the general issue, they specially denied that Henry Bergey, deceased, the former husband of the defendant Therese Labat, at the time of his death possessed any money or property of any kind, and deny that these defendants, or either of them, at any time since his death have had or received any money or property belonging to him.
They allege that, after the marriage between these defendants, the defendant Therese Labat, out of her own separate funds, donated and invested the sum of four hundred ($400) dollars as a fund for the benefit of the plaintiffs when they should come to the age of majority. That after consulting with Mme. Bergey and Mme. Yinot, the pa *995 ternal and maternal grandmothers of the plaintiffs, and their nearest living relatives, said sum of $400 was on the 4th day of February placed in the hands of Paul L. Fourchy, an attorney of the city of New Orleans, who was then solvent and in good professional and financial standing, as an investment for the benefit of said plaintiffs, to be paid to them, one-fourth each, as they respectively attained the age of majority. That said Paul L. Fourchy then executed and delivered to the defendant Therese Labat a receipt for the sum of $400, reciting that said amount was to be paid to the plaintiffs with 6 per cent, interest, in equal shares, only when they should reach the age of 21 years each. That for some time thereafter said Fourchy paid the interest on said sum to said lime. Vinot, but has never paid to these defendants, or to either of them, said sum of money, or any part thereof.
Defendants allege that at the same time the defendant Therese Labat gave to said lime. Bergey the sum of sixty-eight ($68) dollars, to be used for the benefit of the plaintiffs, and which was so used. Defendants allege that after the death of said Henry Bergey the defendant Therese Labat paid out the sum of $250 for funeral expenses, physicians’ bills, etc., for said Henry Bergey, and that for more than a year after the death of said Henry Bergey she supported, educated and cared for the plaintiffs .at an expense and cost of more than $25, for all of which sums so paid for the use and benefit of said plaintiffs, the defendants, as plaintiffs in reconven'tion, claim judgment against the plaintiffs in solido.
In view of the premises, defendants prayed that the plaintiffs’ suit be dismissed at their costs, and for judgment against the plaintiffs in solido for the sum of $500, and for general relief in the premises. The district court rendered judgment in favor of the plaintiffs against the defendants in solido for the sum of $940, with legal interest from judicial demand, and dismissed defendants’ reeonventional demand, with costs.
Defendants appealed.
Opinion.
The district court found that the only property existing at the date of the death of Henry Bergey was a stock of groceries in a store purchased from one Limongé for $1,700, and the PlauchS property, which the defendant (Mrs. Labat) sold for $190, making an aggregate of $1,880. Acting upon the presumption that property bought during the community, even though purchased in the name of the wife, belonged to the community, he divided this sum of $1,880, giving one half to the heirs of the husband and the other half to the wife. In this case the wife testified that, of the $1,700 which were paid in making the purchase of the stock of groceries, $1,500 belonged to herself individually and $200 to her husband. Her testimony to that effect was not contradicted. If the husband had in fact brought into the marriage any property of his own at the time of or during the marriage, it had entirely disappeared when death dissolved the community. We do not think the moneys which were at one time carried in his name on the books of the State National Bank belonged to him. We think the transfer of the account on the books from Bergey, individually to Bergey, agent, showed the true situation. The testimony, beyond dispute, shows that the widow paid out herself for funeral expenses of her husband, for the physician’s bill, and for the bill of the embalmer an amount aggregating at least $180, and that she expended for the children’s mourning dresses $30. We think she was entitled to credit for the amount so paid in the settlement of the community. She likewise contributed, we think, for some time for the support of the children, but through irregular channels, which would make actual proof difficult.
Some time after the death of her husband *997 the widow placed, with the consent of the two grandmothers of the children, in the hands of P. L. Eourchy §400, for which he was to pay 6 per cent, interest, and pay ultimately the principal to the minors as they reached majority. Eourchy became, and is still, insolvent, and made but two payments of interest.
The district judge, in reference to that matter, says: “The investment of §400 with Eourchy was evidently with the idea to settle the community 'interest belonging to the minors, as it would be seen that it was made at the time when the widow was evidently anticipating marriage with Bertrand Labat; but this investment was not authorized, by law.” We think the court’s views on that subject were correct, for, when one of the children became sufficiently old to demand a settlement, he recorded as a debt due by his stepmother, a claim for §400 and no more. We think a settlement of the community on the basis of §400 being demandable by the heirs of the husband will do justice between the parties. We do not think the occasion calls for any harsh language in respect to the stepmother. She seems to have been kind and thoughtful of the children, and, so far as appropriating the property of the succession of her husband after his death is concerned, it must be borne in mind that she was not a stranger to that succession, but had large claims against it, and was surviving widow in community.
We think the judgment of the district court in favor of the plaintiffs is too large. It should be reduced to §400, with legal interest thereon from April, 1894, until paid. Falgout v. Heirs of Daspit, 6 La. Ann. 172. It is hereby ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount thereof to §400, with legal interest as stated, and, as so amended, the judgment is affirmed at appellees’ costs of appeal.